## W. J. CARSON AND T. D. LEWIS, vs. LUCINDA DALTON.

SUPREME COURT, AUSTIN TERM, 1883.

*Citation—Service of.*—Where a citation was issued directing the sheriff to summon both defendants, giving name of plaintiff, time, place &c., and where two copies were made out and one of the copies, with a certified copy of the petition was served upon each defendant, it is sufficient.

*Judicial Notice.*—A court will take notice that a particular town, which is the county seat of a county, is in that particular county.

Appeal from Palo Pinto County.

*Watts, Lanham & Roach* for appellants.

*Good & McCall* for appellee.

### STATEMENT.

Appellants claiming to act as the administratrix of the estate of M. L. Dalton, deceased, as plaintiff below, on the 11th day of January, 1877, brought this suit against appellants, defendants below, as partners under the firm name of Carson & Lewis, upon a certain promissory note as follows :

"$2860.00, Gold.    Palo Pinto, Texas, March 20, 1876.

One day after date we promise to pay to Lucinda Dalton, administratrix of the estate of M. L. Dalton, deceased, or bearer, at Palo Pinto, Texas, the sum of two thousand eight hundred and sixty dol-

lars in gold, for value rec'd of her, with interest at the rate of 10 per ct. per annum from date.

(Signed,)        Carson & Lewis."

The suit was brought in the district court of Palo Pinto county, and the petition showed that the defendants were resident citizens of Parker county. But one citation was issued directed "to the Sheriff or any constable of Parker county," commanding that both defendants be summoned, to appear and answer the petition, etc. The defendants moved to quash citation and service, which was overruled by the court. The defendants then filed an answer consisting of general and special exceptions, general denial, and special plea, setting up that defendants were induced to sign the note sued on, payable one day after date, by the misrepresentations or the plaintiff, and that the payment of the note was deferred by a verbal understanding and agreement between the plaintiff and defendants made at and before the execution of the note sued on, to the effect, that the plaintiff was to wait and not to demand payment of the said note until a final adjudication was had of the matter out of which said note originated, in the Federal Court, that said suit was pending in said court and not determined.

The defendants made a motion for a new trial, which being overruled, they gave notice of appeal to the Supreme Court, assigned errors, and brought the case into this court by appeal.

The assignments of error are as follows :

1. Overruling motion to quash the citation and service thereon.

2. Overruling the exceptions to the petition, the petition and exhibit showing that the court had no jurisdiction of the persons of defendants.

3. Sustaining exceptions to the answer.

4. Overruling the motion for new trial.

5. Rendering judgment against defendants.

Opinion by Delany, J.

The first assignment of error which raises an objection to the citation cannot be maintained.

When there are several defendants the statute requires that a citation shall issue to each defendant. Pasch. Art. 1430. The usual practice is that the citation issued to each one shall direct him to appear at the proper time and place to answer the petition of the plaintiff exhibited against him and his co-defendants, naming them. This

citation with the copy of the petition informs him of everything which may be necessary to his defense, viz: the nature of the suit, the time and place of trial, the name of the plaintiff and the names of his co-defendants. In the present case a citation was issued directing the sheriff to summon both defendants, giving the name of plaintiff, the time, place &c. Two copies were made out and one of the copies with a certified copy of the petition was served upon each defendant. This we think was sufficient.

The second assignment is that the court erred in overruling the exceptions to the petition.

The suit was upon a note payable at Palo Pinto, Texas. The suit was brought in Palo Pinto county.

The petition alleged that the defendants were residents of Parker county. There was no averment that the "Palo Pinto, Texas," where the note was made payable was in Palo Pinto county. This question was raised by exception, the defendants insisting that the petition did not show upon its face that the court had jurisdiction. In 1 Green. Ev. Sec. 6, it is said that courts will take notice of the local divisions of their county, as into states, provinces, counties, cities, towns, local parishes or the like, so far as political government is concerned and effected and of the relative position of such local divisions.

In note 7 to the same section he says that courts will not take notice that particular places are or not in particular counties, and it was so held in Boston vs. The State, (5 ct. appeals 385) the particular place not being the county seat. But we think the court will take notice that a particular town which is the county seat of a county, is in that county. See Long vs. The State, 1 ct. appeals 709. It is hardly necessary to notice the remaining assignments.

The judgment should be affirmed.

The report of the commissioners of appeals examined, and their opinion adopted, and the judgment affirmed.

WILLIE, C. J.